UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ANDUJAR,

        Petitioner,

-vs-                              Case No. 8:06-cv-70-T-17TGW

JAMES V. CROSBY, JR.; MONICA DAVID;
FLORIDA PAROLE COMMISSION,

        Respondent.

## ORDER

This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus which the Court construes as a 28 U.S.C. § 2241 petition. Petitioner seeks to have this Court "order the Parole Commission and the Florida Department of Corrections to grant hearing on parole in effort to procure his release from custody." Petitioner is, in essence, seeking mandamus relief from this Court.

### BACKGROUND

Petitioner filed a petition for writ of habeas corpus in the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida. He attached a copy of the order denying that petition to his present federal petition for writ of habeas corpus. The March 24, 2005 order of the state trial court denying relief reads:

> THIS MATTER came before the Court upon petitioner's pro-se Petition for Writ of Habeas Corpus. Upon review of the petition, public records, and the law, the Court finds and concludes as follows:
>
> Petitioner states that he was initially convicted and sentenced by the Court of the Tenth Judicial Circuit to two life sentences, each with a twenty-

five year minimum mandatory. Petitioner further alleges that the Court has recently corrected his sentence so that they are running concurrently. Petitioner states that, had he been given concurrent sentences initially, he would have been freed on parole four years ago. However, even if petitioner correctly states that his 1976 armed robbery and first-degree murder sentences have been corrected to run concurrently, see e.g. *Andujar v. State,* 808 So. 2d 271 (Fla. 2d DCA 2002), it appears that petitioner was also sentenced in 1993 on an escape conviction which was to run consecutively to the above-mentioned sentences. Consequently, petitioner's allegation that he would have been freed on parole four years ago appears to be a misstatement, at best, where he has failed to mention the existence of that consecutive sentence on his escape conviction. Furthermore, because petitioner has not alleged that he has been denied an interview with the Parole Commission, the allegations are insufficient to show that he has been denied due process or is presently illegally detained. Therefore, it is

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is hereby denied, without prejudice.

Subsequently, Petitioner filed an appeal in the state district court of appeal which that court converted to a petition for writ of certiorari in case no. 2D05-2180. (See Petitioner's exhibit). On May 3, 2005, the state district court of appeal ordered Petitioner to serve a petition in the same case number with appendices that would serve as the only record "in this original proceeding as may be necessary." The state district court of appeal warned Petitioner that the case would be dismissed without further notice if he did not comply with the order. Nothing in Petitioner's exhibits demonstrates that he complied with the May 3, 2005 order.

Next Petitioner filed a petition for writ of certiorari in case no. SC05-2203 in the Florida Supreme Court. The lower case number was 2D05-2180, the same number as the case Petitioner filed in the state district court of appeal. On December 19, 2005, the Florida Supreme Court dismissed the case "having determined that this Court is without jurisdiction." (See Petitioner's exhibits).

DISCUSSION

As stated above, Petitioner is seeking mandamus relief. Writs of mandamus as such have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure.[1] However, under the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. Title 28 U.S.C. § 1651 does not create an independent basis for jurisdiction. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969); Ortega v. Puncinelli, 444 F.2d 530 (9th Cir. 1971); Ali v. State Police of Pennsylvania, 378 F. Supp. 888 (E.D. Pa. 1974).

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970); Clark v. State of Washington, et al., 366 F.2d 678, 681-82 (9th Cir. 1966); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981), aff'd 673 F.2d 1337 (9th Cir. 1982); Lessard v. State of Wisconsin, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, this Court does not have mandamus power to order the Florida Parole Commission to grant Petitioner a hearing. The Court notes that a check of the records demonstrates that a parole hearing has been set for Petitioner in September 2007.

---

[1] Federal courts have jurisdiction under 28 U.S.C. § 1361 in actions in the nature of mandamus to compel officers or employees of the United States to perform their duties.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

ORDERED in Tampa, Florida, on January 17, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Jose Andujar